UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CIVIL ACTION NO. 3:25-cv-00041-GFVT
*(ELECTRONICALLY FILED)*

SHERRY MCLAUGHLIN, in her individual
Capacity and as guardian of A.M., a minor                                                                      PLAINTIFFS

v.    **ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

WILSON CLAY "CASEY" JAYNES, et al.                                                                                  DEFENDANTS

The Defendants, Wilson Clay "Casey Jaynes ("Jaynes"), Brandi McIntyre ("McIntyre"), Jenna Stevens ("Stevens"), Robin Stephenson ("Stephenson"), and the Board of Education of Carroll County, Kentucky ("Board") (collectively referred to as the "School Defendants"), by and through counsel, and for their Answer to Plaintiffs' Verified Complaint, state as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the School Defendants and should be dismissed.

**SECOND DEFENSE**

1.      The School Defendants state that no response is required to the allegations contained in paragraphs 1, 189, 191, 211, 224, and 235 of the Complaint; however, to the extent any response is needed, the allegations in said paragraph are expressly denied.

2.      With regard to paragraph 2 of the Complaint, the School Defendants state that no response is required to the allegations regarding the group chat titled "Diddy Party," referencing Sean "Diddy" Combs, and the various diatribe/criminal charges regarding the disgraced rap mogul. The School Defendants expressly deny any and all remaining allegations contained within paragraph 2 of the Complaint.

1

3. With regard to paragraph 3 of the Complaint, the School Defendants are without sufficient knowledge or information to either admit or deny the allegation that A.M. is "traumatized" by the alleged "sexual harassment, threatened sexual assault, and threatened rape." The School Defendants expressly deny any and all remaining allegations contained within paragraph 3 of the Complaint.

4. With regard to paragraph 4 of the Complaint, the School Defendants admit only that Sherry filed a Title IX complaint. The School Defendants expressly deny any and all remaining allegations contained within paragraph 4 of the Complaint.

5. The School Defendants admit the allegations contained in paragraphs 5, 121, 145, 192, and 212 of the Complaint.

6. With regard to paragraph 6 of the Complaint, the School Defendants admit that Jaynes is the Superintendent of the Carroll County School District; however, the School Defendants expressly deny that Jaynes engaged in any wrongdoing towards Plaintiffs or committed any violations of law.

7. With regard to paragraph 7 of the Complaint, the School Defendants admit that McIntyre is a counselor at Carroll County Middle School; however, the School Defendants expressly deny that McIntyre engaged in any wrongdoing towards Plaintiffs or committed any violations of law.

8. With regard to paragraph 8 of the Complaint, the School Defendants admit that Stevens is the Title IX Coordinator for the Carroll County School District; however, the School Defendants expressly deny that Stevens engaged in any wrongdoing towards Plaintiffs or committed any violations of law.

4921-5840-8801, v. 1

9. With regard to paragraph 9 of the Complaint, the School Defendants admit that Stephenson is the Principal at Carroll County Middle School; however, the School Defendants expressly deny that Stephenson engaged in any wrongdoing towards Plaintiffs or committed any violations of law.

10. With regard to paragraph 10 of the Complaint, the responsibilities of the Board are defined by Kentucky Law. The School Defendants expressly deny that the Board engaged in any wrongdoing towards Plaintiffs or committed any violations of law.

11. The School Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraphs 11, 17, 18, 19, 20, 21, 22, 23, 27, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 42, 43, 44, 45, 48, 50, 55, 59, 60, 61, 62, 63, 64, 65, 66, 71, 73, 80, 82, 83, 85, 87, 88, 90, 100, 102, 103, 104, 111, 113, 125, 126, 127, 128, 129, 130, 131, 132, 141, 158, 159, 160,  171, and 172 of the Complaint, and they are therefore denied.

12. The School Defendants admit the portions of paragraphs 12, 13, and 14 of the Complaint that allege this Court is the proper venue and that this Court has jurisdiction over the Plaintiffs' alleged claims. All other allegations contained within paragraphs 12, 13, and 14 of the Complaint are hereby denied.

13. With regard to paragraph 15 of the Complaint, the School Defendants state that after school on January 30, 2025, Carroll County Middle School hosted a school dance in which A.M. attended. The School Defendants expressly deny any and all remaining allegations contained within paragraph 15 of the Complaint.

14. With regard to paragraph 16 of the Complaint, the School Defendants admit that the dance was from 3:30-5:30 p.m., on January 30, 2025, in the gymnasium. The School

3

Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 16 and therefore deny same.

15. The School Defendants deny the allegations contained in paragraphs 24, 25, 26, 28, 35, 40, 49, 51, 53, 56, 57, 58, 68, 69, 70, 72, 74, 75, 76, 77, 78, 79, 81, 84, 86, 89, 92, 93, 94, 95, 96, 97, 98, 99, 101, 110, 112, 114, 115, 116, 117, 118, 119, 120, 122, 123, 124, 133, 134, 135, 136, 138, 139, 140, 142, 143, 144, 147, 154, 156, 162, 165, 166, 168, 173, 174, 175, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 194, 195, 196, 206, 208, 209, 210, 214, 215, 216, 218, 219, 221, 222, 223, 227, 228, 229, 231, 232, 234, 238, 239, 240, 241, 244, 245, and the prayer for relief of the Complaint.

16. With regard to paragraph 41 of the Complaint, the School Defendants state that the responsibilities, authority, and duties of Vice Principle (sic) Yager and Officer Gividen are defined by Kentucky law. The School Defendants expressly deny any and all remaining allegations contained within paragraph 41 of the Complaint.

17. With regard to paragraph 46 of the Complaint, the School Defendants admit that Sherry e-mailed Stephenson on January 30, 2025. The School Defendants further state that the responsibilities, authority, and duties of Stephenson are defined by Kentucky law. The School Defendants expressly deny any and all remaining allegations contained within paragraph 44 of the Complaint.

18. With regard to paragraph 47 of the Complaint, the School Defendants admit that Stephenson called Sherry in response to her e-mail and that her husband answered the telephone. Defendants expressly deny any and all remaining allegations contained within paragraph 47 of the Complaint.

4

19. With regard to paragraph 52 of the Complaint, the School Defendants admit that Sherry filed a complaint on January 31, 2025. The School Defendants expressly deny any and all remaining allegations contained within paragraph 52 of the Complaint.

20. With regard to paragraph 54 of the Complaint, the School Defendants admit that on February 3, 2025, Sherry and A.M. came to the school and walked through the alleged incident in the gymnasium. The School Defendants expressly deny any and all remaining allegations contained within paragraph 54 of the Complaint.

21. With regard to paragraph 67 of the Complaint, the School Defendants admit that on February 3, 2025, Sherry met with Stephenson, Yager, and A.M., discussing the alleged incident. The School Defendants expressly deny any and all remaining allegations contained within paragraph 67 of the Complaint.

22. With regard to paragraph 91 of the Complaint, the School Defendants admit that on February 3, 2025, Sherry met with Stephenson, Yager, and A.M., discussing the alleged incident. The School Defendants expressly deny any and all remaining allegations contained within paragraph 91 of the Complaint.

23. With regard to paragraph 105 of the Complaint, the School Defendants admit that on February 4, 2025, Sherry's husband was in the main office and approached Vice Principal DC Craig. The School Defendants expressly deny any and all remaining allegations contained within paragraph 105 of the Complaint.

24. With regard to paragraph 106 of the Complaint, the School Defendants admit that Sherry's husband approached Vice Principal DC Craig regarding the alleged incident and exchanged words. The School Defendants expressly deny any and all remaining allegations contained within paragraph 106 of the Complaint.

25. With regard to paragraph 107 of the Complaint, the School Defendants admit that Vice Principal DC Craig deferred to the administration over fifth grade students as he is tasked with matters related to sixth and eighth grade students. The School Defendants expressly deny any and all remaining allegations contained within paragraph 107 of the Complaint.

26. With regard to paragraph 108 of the Complaint, the School Defendants admit that Sherry's husband approached Vice Principal DC Craig regarding the alleged incident and exchanged words. The School Defendants expressly deny any and all remaining allegations contained within paragraph 106 of the Complaint.

27. With regard to paragraph 109 of the Complaint, the School Defendants state that the responsibilities, authority, and duties of Mr. Craig are defined by Kentucky law. The School Defendants expressly deny any and all remaining allegations contained within paragraph 109 of the Complaint.

28. With regard to paragraph 137 of the Complaint, the School Defendants admit that T.H. was moved out of A.M.'s classes. The School Defendants expressly deny any and all remaining allegations contained within paragraph 137 of the Complaint.

29. With regard to paragraph 146 of the Complaint, the School Defendants state that the e-mail is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

30. With regard to paragraph 148 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

6

31. With regard to paragraph 150 of the Complaint, the School Defendants admit only that Sherry filed a Title IX complaint. The School Defendants expressly deny any and all remaining allegations contained within paragraph 150 of the Complaint.

32. With regard to paragraph 151 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

33. With regard to paragraph 152 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

34. With regard to paragraph 153 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

35. With regard to paragraph 155 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

36. With regard to paragraph 157 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange, deny engaging in any

4921-5840-8801, v. 1

wrongdoing towards Plaintiffs or committing any violations of law, and deny claims of retaliation against Sherry.

37. With regard to paragraph 161 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law, and deny claims of conspiring and/or defamation against Sherry. The School Defendants admit that McIntyre truthfully made a report against Sherry for Sherry's inappropriate and concerning remark.

38. With regard to paragraph 164 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law, and deny claims maliciousness towards Sherry. The School Defendants admit that they received a report of Sherry engaging in threatening behavior towards a staff member and as a result, she was banned from District property for the remainder of the 2024-2025 school year only.

39. With regard to paragraph 167 of the Complaint, the School Defendants state that they followed protocol in forwarding the letter to the chief of police, all SRO's employed by the District, and the County Attorney. The School Defendants expressly deny any and all remaining allegations contained within paragraph 167 of the Complaint.

40. With regard to paragraph 169 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange, and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

4921-5840-8801, v. 1

41. With regard to paragraph 170 of the Complaint, the School Defendants state that the e-mail communication is a written document which speaks for itself; however, the School Defendants expressly deny the mischaracterization of the written exchange, and further, deny engaging in any wrongdoing towards Plaintiffs or committing any violations of law.

42. With regard to paragraph 176 of the Complaint, the School Defendants presume that Plaintiffs meant to state "[a]t no point did *Plaintiff* threaten Defendant McIntyre…," and to the extent the Plaintiffs meant to state as such, the School Defendants deny this portion of paragraph 176 of the Complaint. The School Defendants affirmatively state that Sherry made a concerning and threatening comment directed towards McIntyre. The School Defendants are without sufficient knowledge or information to admit or deny whether Sherry has recollection of talking to McIntyre on March 3, 2025, and therefore denies same.

43. With regard to paragraph 177 of the Complaint, the School Defendants admit that Sherry's Title IX complaint was dismissed on March 5, 2025. The School Defendants expressly deny any and all remaining allegations contained within paragraph 177 of the Complaint.

44. With regard to paragraph 178 of the Complaint, the School Defendants admit that Sherry's Title IX complaint was dismissed on March 5, 2025. The School Defendants expressly deny any and all remaining allegations contained within paragraph 178 of the Complaint.

45. Paragraphs 149, 163, 190, 193, 197, 198, 199, 200, 201, 202, 203, 204, 205, 207, 213, 217, 220, 225, 226, 230, 233, 236, 237, 242, and 243 of the Complaint contain assertions or conclusions of law, which are to be determined by the Court. Until the Court makes such determinations, the School Defendants deny all allegations contained therein.

4921-5840-8801, v. 1

### THIRD DEFENSE

The School Defendants deny each and every allegation contained in the Complaint which is not specifically admitted.

### FOURTH DEFENSE

As an affirmative defense, the School Defendants state that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitation and/or the doctrine of laches.

### FIFTH DEFENSE

The School Defendants affirmatively state that they acted toward the Plaintiffs in good faith, and without malice, and pursuant to and in accordance with all applicable laws.

### SIXTH DEFENSE

The School Defendants deny any and all allegations of negligence, gross negligence and/or wrongdoing asserted against them in the Plaintiffs Complaint.

### SEVENTH DEFENSE

As an affirmative defense, the School Defendants plead that the due process provisions of the United States and Kentucky Constitutions bar, in whole or in part, the Plaintiffs' claims for punitive damages.  Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution; the prohibition against cruel and unusual punishments and excessive fines in the Eighth Amendment to the United States Constitution as applied to the states through the Due Process Clause of Fourteenth Amendment to the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution as applied through the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and the Constitution of Kentucky. In addition, Plaintiffs have failed

to state a claim for punitive damages under the common law, federal law, and/or KRS 411.184 through 411.186 and the claims and demands for the same should be dismissed.

### EIGHTH DEFENSE

The School Defendants are entitled to sovereign immunity, governmental immunity, official immunity, and/or qualified official immunity.

### NINTH DEFENSE

As an affirmative defense, the School Defendants plead any and all other applicable defenses set forth in Fed. R. Civ. P. 8. and expressly reserve any and all other defenses, including affirmative defenses, which may become apparent during the course of discovery.

### TENTH DEFENSE

The School Defendants reserve any and all rights to amend their Answer to add additional affirmative defenses as discovery in this matter is conducted.

### ELEVENTH DEFENSE

The School Defendants assert the Paul D. Coverdell Teacher Protection Act of 2001 as a complete and affirmative defense to this action.

### TWELFTH DEFENSE

The School Defendants did not have reasonable cause to believe abuse had occurred.

### THIRTEENTH DEFENSE

The School Defendants did not violate any rights to which Plaintiffs may be entitled under federal, state and/or local laws, rules, regulations and/or guidelines.

### FOURTEENTH DEFENSE

The damages alleged by Plaintiffs, if any, were the result of conditions or actions which were unrelated to any conduct or omission by The School Defendants.

4921-5840-8801, v. 1

**FIFTEENTH DEFENSE**

The Defendants reserve any and all rights to amend their answer to add additional affirmative defenses as discovery in this matter is conducted.

**SIXTEENTH DEFENSE**

The Plaintiffs claims are barred because the School Defendants did not act with deliberate indifference toward the Plaintiffs.

WHEREFORE, the School Defendants pray that the Complaint be dismissed with prejudice, for its cost and attorneys' fees expended herein, and for all other relief to which it may be entitled.

>ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
>1101 College Street, P.O. Box 770
>Bowling Green, KY 42102-0770
>Telephone: (270) 781-6500
>Facsimile: (270) 782-7782
>Email:  mowsley@elpolaw.com
>           lporter@elpolaw.com
>
>BY: */s/ Michael A. Owsley*
>       MICHAEL A. OWSLEY
>       LINDSAY TATE PORTER
>
>and
>
>JAKE A THOMPSON
>Crawford & Baxter, P.S.C.
>Attorneys At Law
>523 highland Avenue
>P.O. Box 353
>Carrollton, Kentucky 41008
>JThompson@CBKYlaw.com
>
>*Attorneys for the School Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 29, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send electronic notification to the following:

Christopher Wiest
Theodore J. Roberts
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
  *Counsel for Plaintiff*

Zachary Gottesman
Gottesman & Associates
404 E. 12th Street, First Floor
Cincinnati, OH 45202
  *Counsel for Plaintiff*

Thomas B. Bruns
Bruns, Connell, Vollmar & Armstrong, LLC
4555Lake Forest Drive, Suite 330
Cincinnati, OH 45242
  *Counsel for Plaintiff*

                                                  */s/Lindsay Tate Porter*
                                                  LINDSAY TATE PORTER

4921-5840-8801, v. 1