UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CIVIL ACTION NO. 3:25-cv-00041-GFVT
*(ELECTRONICALLY FILED)*

SHERRY MCLAUGHLIN, in her individual
Capacity and as guardian of A.M., a minor            PLAINTIFFS

v.

WILSON CLAY "CASEY" JAYNES, et al.            DEFENDANTS

## MOTION FOR PROTECTIVE ORDER – MEDIA/SOCIAL MEDIA

The Defendants, Wilson Clay "Casey Jaynes ("Jaynes"), Brandi McIntyre ("McIntyre"), Jenna Stevens ("Stevens"), Robin Stephenson ("Stephenson"), and the Board of Education of Carroll County, Kentucky ("Board") (collectively referred to as the "School Defendants"), by and through counsel, pursuant to Federal Rule of Civil Procedure 26(c)(1), hereby respectfully move this Court to issue the protective order, attached hereto as Exhibit A, prohibiting the Plaintiffs and Plaintiffs' counsel from submitting information to the media and making statements on social media regarding this case, and state as follows in support of their motion:

1. Plaintiffs and Plaintiffs' counsel appear to be engaging in conduct that threatens to unduly influence the potential jury pool and intimidate witnesses by disseminating false and misleading information about this case to the media and making or causing statements to be made on social media platforms.

2. On August 19, 2021, the School Defendants received the attached request for comment from The Enquirer in Cincinnati (see Exhibit B). The requesting reporter specifically requests that "someone from the school district or board" to address the issues for his story. This request challenges the defense to litigate this matter in the press.

3. On August 21, 2025, the Cincinnati Enquirer and the Courier Journal published articles regarding the lawsuit (attached hereto as Exhibit C and D respectively), both of which have over 100 shares on social media platforms.

4. The Enquirer article pulls "flashy" commentary from the Complaint and uses same to smear the School Defendants in the media. For example, without any proof of same, the article notes that a confession was made to making the comments, and "despite the confession, A.M. and her mom have faced a slew of bullying and seeming retaliation for reporting the incident and pushed for accountability at the district." (See Exhibit C). Moreover, the article specifically comments that the school officials have been accused of fostering a culture where "Diddy-esque conduct" is "permitted to take hold." (See Exhibit C). These inflammatory statements lack proof and serve no more than to harass and oppress the School Defendants.

5. Both The Enquirer and The Courier Journal articles provide comment from one of Plaintiffs' attorneys, TJ Roberts. The Courier Journal article states that "[a]s far as Roberts knows, the male student never faced consequences at school or from the local police department." (See Exhibit D). TJ Roberts states directly, without corroborating evidence of same, "[t]his individual engaged in misconduct with total impunity." (See Exhibit D). Roberts is speaking of a minor child – and publicizing these damning comments towards this minor child for the entire community to decide this case without a scintilla of supporting evidence

2

other than his clients' word. The School Defendants are concerned that without a protective order, each and every minor child involved in this case – and there are numerous – are at risk of having both their privacy and safety violated.

6. In addition, after the release of the aforementioned articles and social media campaign, the School Defendants are individually receiving threatening messages from community members calling for them to be fired – when not a single element of Plaintiffs' claims have been proven (see Exhibit E).

7. Also on August 21, 2025, Plaintiffs' attorney, Chris Wiest, shared the Courier Journal article and posted the following to his Facebook page (attached hereto as Exhibit F):

> This is a verified complaint – it happened – we reviewed the video, got the public records, and have the receipts. Instead of addressing the bullying and threats of sexual assault on a 10 year old girl, the Carroll County Superintendent went after the mom and retaliated against her for not backing down.
>
> I look forward to putting this one in front of a federal jury.
>
> Article in comments.

8. As this court is aware, just because a complaint is verified does not make it true. Each and every one of Plaintiffs' claims must be proved by the Plaintiffs. Comments such as the above pose a threat to the judicial process of this case.

9. Most recently, on August 26, 2025, Plaintiff Sherry McLaughlin posted what the School Defendants perceive as a direct threat (attached hereto as Exhibit G):

> I don't know how far you people think you can push my little girl, or allow her to be pushed, until she became unhinged… but here we are. And it's on you… ALL of you.

Given the recent prevalence of violence in schools – the use of the word "unhinged" is not taken lightly by the School Defendants – and will not be tolerated. However, the undersigned

3

is under the impression that the inflammatory post made by Sherry McLaughlin is being used to drum up attention and support in the community in an attempt to try her case in the court of public opinion as opposed to the court of law.

10. On August 27, 2025, a community member commented on a post regarding the matter as follows (attached hereto as Exhibit H):

> These are the type of situations where people should be taking action if its proven. DEMAND justice. Pick a time, surround the school and protest. Hinder the school from operating due to congestion. The state is not gonna [sic] mobilize to arrest the entire community and federal government is busy with all their issues. If we the people do not protect the children nobody will. Its [sic] a proven fact that the higher you go in society, politics and even a lot of churches there is no protection for children. They are not protected and are often sexualized/molested/trafficked. Society is reaching a point that in many heads dogs receive more protection than children.

In consideration of the recent events in Minneapolis involving yet another case of violence directed towards a school, in which two children are now dead and 17 individuals injured, the School Defendants are extremely alarmed by the calls for vigilante justice in the community based on misinformation in the media. A Protective Order is necessary to protect the safety of all involved.

11. Altogether, the conduct of Plaintiffs and Plaintiffs' counsel is inappropriate, unethical, and poses a significant risk to the School Defendants' right to a fair trial by an impartial jury as guaranteed by the United States Constitution (and the Constitution of Kentucky).

12. Federal Rule of Civil Procedure 26(c)(1) empowers this Court to issue protective orders for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *See* Rule 26(c)(1).

13. The Plaintiffs and Plaintiffs' counsel's actions in publicizing information about the case, releasing lengthy statements to the media, approving and participating in social media campaigns and other actions on social media constitute good cause for the issuance of a protective order, as they threaten the integrity of the judicial process and the School Defendants' right to a fair trial. Moreover, there are numerous minor children involved from all angles of this case – and they are each entitled to a certain level of protection and privacy.

14. The undersigned understands this matter is proceeding in the United States District Court for the Eastern District of Kentucky; however, it is important to note that the Kentucky Supreme Court has recognized the importance of maintaining the integrity of judicial proceedings and preventing undue influence on potential jurors and witnesses. *See i.e.* Kentucky Rule of Professional Conduct 3.6 which governs trial publicity and extrajudicial statements by attorneys, Ky. Sup. Ct. R. 3.130(3.6).

15. A protective order prohibiting the Plaintiffs and counsel for the Plaintiffs from engaging in these acts is necessary to preserve the fairness of the trial, protect potential jurors from undue influence, and prevent the intimidation of parties and witnesses.

16. The requested protective order is narrowly tailored to address the specific conduct at issue and does not unduly infringe upon the Plaintiffs' First Amendment rights.

## CERTIFICATION OF COMPLIANCE WITH L.R. 37.1

The School Defendants certify that the parties have made a good faith effort to resolve extrajudicially the matter at issue in this Motion, to no avail. Upon conferring via email (attached hereto as Exhibit I), the parties agreed that they could not reach a mutual agreement on the issue related to the Protective Order sought, and it was necessary to seek the Court's guidance. The parties thus agreed to file motions with the Court.

4935-6654-7810, v. 1

WHEREFORE, the School Defendants respectfully request that this Court grant their Motion for a Protective Order and enter the proposed Protective Order tendered herewith.

        ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
        1101 College Street, P.O. Box 770
        Bowling Green, KY 42102-0770
        Telephone: (270) 781-6500
        Facsimile: (270) 782-7782
        Email:  mowsley@elpolaw.com
                 lporter@elpolaw.com

BY: /s/ ***Lindsay Tate Porter***
       MICHAEL A. OWSLEY
       LINDSAY TATE PORTER

and

JAKE A THOMPSON
Crawford & Baxter, P.S.C.
Attorneys At Law
523 Highland Avenue, P.O. Box 353
Carrollton, Kentucky 41008
JThompson@CBKYlaw.com

*Attorneys for the School Defendants*

6

4935-6654-7810, v. 1

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send electronic notification to the following:

Christopher Wiest
Theodore J. Roberts
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
  *Counsel for Plaintiff*

Zachary Gottesman
Gottesman & Associates
404 E. 12th Street, First Floor
Cincinnati, OH 45202
  *Counsel for Plaintiff*

Thomas B. Bruns
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
  *Counsel for Plaintiff*

                                                */s/Lindsay Tate Porter*
                                                LINDSAY TATE PORTER

4935-6654-7810, v. 1