UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CASE NO. 3:25-cv-00041-GFVT
*Filed Electronically*

SHERRY MCLAUGHLIN, in her individual
capacity and as guardian of A.M., a minor                               PLAINTIFFS

v.

WILSON CLAY "CASEY" JAYNES, et al.                               DEFENDANTS

## JOINT REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

The parties, for their Joint Report of Parties' Rule 26(f) Planning Meeting, state as follows:

1.     **Planning Meeting.** Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order for Meeting and Report of the Parties [DK #10], a meeting was held by telephone on or about September 30, 2025, and continuing thereafter by e-mail exchanges. These meetings were attended by the following who propose the following discovery plan:

    a. **Christopher Wiest, Theodore J. Roberts, Thomas B. Bruns,** and **Zachary Gottesman** for Plaintiffs, Sherry McLaughlin in her individual capacity and as guardian of A.M., a minor.

    b. **Michael A. Owsley, Lindsay Tate Porter,** and **Jake Thompson** for Defendants, Wilson Clay "Casey Jaynes, Brandi McIntyre, Jenna Stevens, Robin Stephenson, and the Board of Education of Carroll County, Kentucky.

2.     **Initial Disclosures.** Pursuant to the Court's order, the parties shall exchange the information required by Fed. R. Civ. P. 26(a)(1) by October 17, 2025,[1] which disclosures shall be supplemented when required by Rule 26(c).

---

[1] Although the Court's Order requires the parties to exchange their initial disclosures during the planning meeting, the parties have agreed to exchange initial disclosures by October 17, 2025.

    3.    **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

    a.    Discovery will be needed on all allegations in the complaint, damages, and all defenses raised in the answers to the complaint.

    b.    All fact discovery commenced in time to be completed by **October 2, 2026**, subject to the limitations contained in the Federal Rules of Civil Procedure.

    c.    All expert discovery commenced in time to be completed by **November 27, 2026**, subject to the limitations contained in the Federal Rules of Civil Procedure.

    d.    The parties have agreed not to limit the number of depositions at this time but do agree that each deposition should be limited to a maximum of 7 hours per day, unless extended by agreement of the parties, or order of the Court.

    e.    The parties shall make expert witness disclosures and take the deposition of expert witnesses as follows:

        i.    Plaintiffs shall disclose the identity of their expert witnesses and their reports pursuant to Rules 26(a)(2)(A),(B) of the Federal Rules of Civil Procedure by **June 29, 2026**.

        ii.    Defendants shall disclose the identity of its expert witnesses and their reports pursuant to Rules 26(a)(2)(A),(B) of the Federal Rules of Civil Procedure by **August 10, 2026.**

        iii.    Plaintiffs may provide any rebuttal reports by **August 24, 2026.**

    4.    **Other Items.**

    a.    The parties do not request a conference with the Court before entry of the scheduling order.

    b.    The parties request a pretrial conference in **March, 2027.**

    c.    Plaintiff and Defendants should be allowed until **February 27, 2026**, to join additional parties or amend pleadings.

    d.    All potentially dispositive motions should be filed by **December 18, 2026.**

    e.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        i.    from all parties 45 days before trial;

    f.    Parties will have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

g. The case should be ready for trial by **April, 2027**, and at this time the trial is expected to take approximately **eight (8)** trial days.

h. **Referral to Magistrate.** The parties have discussed referral to a Magistrate Judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 73 and **do not** consent to referral.

Submitted this September 30, 2025.

/s/*Christopher Wiest* *(w/permission)*
Christopher Wiest
Theodore J. Roberts
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
*Counsel for Plaintiffs*

/s/*Thomas B. Bruns* (w/permission)
Thomas B. Bruns
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Ste. 330
Cincinnati, OH 45242
*Counsel for Plaintiffs*

/s/*Zachary Gottesman* *(w/permission)*
Zachary Gottesman
Gottesman & Associates
404 E. 12th Street, First Floor
Cincinnati, OH 45202
*Counsel for Plaintiffs*

/s/*Lindsay Tate Porter*
Michael A. Owsley
Lindsay Tate Porter
English, Lucas, Priest & Owsley, LLP.
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
*Counsel for Defendants*

/s/*Jake A. Thompson* *(w/permission)*
Jake A. Thompson
Crawford & Baxter, P.S.C.
523 Highland Avenue, P.O. Box 353
Carrollton, KY 41008
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2025, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will provide notice of filing to the following:

Christopher Wiest
Theodore J. Roberts
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
  *Counsel for Plaintiff*

Zachary Gottesman
Gottesman & Associates
404 E. 12th Street, First Floor
Cincinnati, OH 45202
  *Counsel for Plaintiff*

Thomas B. Bruns
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
  *Counsel for Plaintiff*

                */s/Lindsay Tate Porter*
                LINDSAY TATE PORTER